**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4238**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

     v.

SURRELL MONTIA DUFF,

          Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Martin K. Reidinger, District Judge. (3:09-cr-00082-MR-1)

Submitted: September 21, 2011    Decided: September 30, 2011

Before WILKINSON, DUNCAN, and KEENAN, Circuit Judges.

Reversed in part, vacated in part, and remanded by unpublished per curiam opinion.

Claire J. Rauscher, Executive Director, Matthew R. Segal, Assistant Federal Defender, Asheville, North Carolina; Cecilia Oseguera, Assistant Federal Defender, Charlotte, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Mark A. Jones, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Surrell Montia Duff pled guilty to three counts of distributing cocaine base (crack), 21 U.S.C. § 841(a) (2006), and one count of unlawful possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2006). Before his guilty plea, the government filed a notice under 21 U.S.C. § 851 (2006), of its intention to seek enhanced sentences based on Duff's prior felony drug conviction in January 2005. Duff was sentenced as a career offender, U.S. Sentencing Guidelines Manual § 4B1.1 (2009), to a term of 262 months for the drug offenses and 120 months for the § 922(g) offense.

On appeal, Duff contends that he lacked the requisite predicate felony convictions for either the § 922(g) offense or the sentencing enhancements he received. Duff has also filed a consent motion to reverse his § 922(g) conviction and his sentence for the drug offenses, and remand his case, pursuant to United States v. Simmons, ___ F.3d ___, 2011 WL 3607266, at *6 (4th Cir. Aug. 17, 2011) (en banc) (holding that the evaluation of whether a prior conviction was a felony must focus on the maximum sentence for which a particular defendant was eligible, in light of his own criminal history, rather than the maximum sentence that could be imposed on a defendant with the worst possible criminal record). For the reasons explained below, we grant the motion and remand for further proceedings.

2

A felony, for purposes of both § 922 and § 841, is defined as a crime punishable by imprisonment for more than a year. See 18 U.S.C. § 922(g)(1); 21 U.S.C. § 802(44). When Duff was convicted and sentenced, the law of this circuit required the district court to look to the maximum sentence any defendant could receive for a specific offense to determine whether it was a felony. See United States v. Harp, 406 F.3d 242 (4th Cir. 2005). With the decision in Simmons, we have overruled Harp. Because Duff did not challenge his § 922(g) conviction or his sentence for the drug offenses on this ground, in light of Simmons, our review is for plain error. United States v. Johnson, 520 U.S. 461, 467-68 (1997) (plain error review is appropriate where asserted error results from intervening change of law). Under the plain error test, the defendant must identify an error which is clear or obvious, and affects his substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). The appeals court may then exercise its discretion to correct the error if it is one that "seriously affects the fairness, integrity, or public reputation of judicial processes." Id. (internal citation and quotation marks omitted).

After review of the materials submitted on appeal, we are satisfied that Duff's § 922(g) conviction is unsupported by a predicate prior felony conviction. The error now identifiable

3

is plain and affects Duff's substantial rights; we therefore exercise our discretion to correct it. Similarly, the enhanced mandatory minimums applied to Duff for his drug offenses under 21 U.S.C. § 851, and his career offender status, both depended on proof that Duff had one or more prior drug convictions punishable by more than a year's imprisonment. For the reasons given above, neither the § 851 enhancement nor career offender status applies in Duff's case.

Accordingly, we grant Duff's motion, reverse his conviction on Count Four, the § 922(g) count, vacate the sentences on the remaining counts, and remand the case for resentencing consistent with <u>Simmons</u>.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>REVERSED IN PART</u>,
<u>VACATED IN PART</u>,
<u>AND REMANDED</u>

---

[*] We of course do not fault the government or the district court for their reliance upon, and application of, unambiguous circuit authority at the time of Duff's sentencing.

4